1  ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone:  (310) 443-4139
   Facsimile:  (310) 943-2255
4
   Attorneys for Plaintiff
5  SAM HOLM

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 SAM HOLM,                          )  Case No:  2:20-CV-5128
                                      )
12          Plaintiff,                )
                                      )  **COMPLAINT FOR:**
13                                    )
                                      )  **(1) VIOLATIONS OF THE FAIR
14     vs.                            )  DEBT COLLECTION PRACTICES
                                      )  ACT**
15 SANTANDER CONSUMER USA             )
   INC., PAR, INC., and MRI INC.,     )  **(2) VIOLATIONS OF THE
16                                    )  ROSENTHAL FAIR DEBT
                                      )  COLLECTION PRACTICES ACT**
17          Defendants.                )
                                      )
18                                    )
                                      )
19                                    )
...
28

                                                                    COMPLAINT

Plaintiff Sam Holm hereby complains against defendants Santander Consumer USA Inc., Par, Inc., and MRI Inc., and alleges as follows:

## OPERATIVE FACTS

1. On February 5, 2019, Plaintiff purchased an automobile on credit, from Nissani Bros. Chrysler Dodge Jeep in Culver City, California., which he intended to use primarily for personal, family, or household purposes. Defendant Santander Consumer USA Inc. took assignment from the dealership of the contract.

2. Santander hired defendant Par, Inc. as its independent contractor to repossess plaintiff's vehicle. Par, Inc. in turn hired defendant MRI Inc. dba Motion Repossessors as its agent, to conduct the repossession.

3. Defendant Motion Repossessors repossessed plaintiff's vehicle by entering private property which was secured by a closed and security-coded gate, without permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

4. After repossession of the vehicle, defendant Santander issued plaintiff a "Notice of Intention to Dispose of Motor Vehicle" ("NOI") pursuant to the Rees-Levering Act, Civil Code § 2983.2(a). The NOI was defective in the following ways:

(a) in violation of Civil Code § 2983.2(a), it fails to state the due date of a payment coming due during the reinstatement period, payment of which was a condition of reinstatment;

(b) in violation of Civil Code § 2983.2(a)(3), it failed to provide the proper form for requesting an extension of the reinstatement/redemption period, because the form was not limited to the extension request, spaces for the requesting party to sign and date the form, and instructions on how to deliver the form;

(c) in violation of Civil Code § 2983.2(a)(5), it failed to designate the name of Motion Repossessors as a third party to whom storage fees would have to be paid in

1

1 | order to reinstate or redeem the vehicle; and

  (d) in violation of Civil Code § 2983.2(a)(1) and (a)(2), it failed to state the amount of storage fees which would have to be paid to Motion Repossessors; and

  (e) in violation of Civil Code § 2983.2(a)(2) and (a)(5), it stated that plaintiff had to pay a $150 "storage/admin" fee to Santander in order to reinstate or redeem, when that charge was actually payable to Motion Repossessors, and was illegal pursuant to Civil Code § 2983.3(d)(1).

  5. Santander sold plaintiff's vehicle and assessed a deficiency balance of $25,319.25. Santander sent plaintiff a letter stating that plaintiff was liable for the deficiency balance, and demanding full payment. In fact, due to Santander's violations of the Rees-Levering Act, plaintiff was not liable for any deficiency balance.

## JURISDICTION AND VENUE

  6. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

  7. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

  8. Plaintiff is a natural person over the age of 18 years and is a resident of Los Angeles, California.

  9. Defendant Santander Consumer USA Inc. is an Illinois corporation headquartered in Dallas, Texas.

  10. Defendant Par, Inc. is an Indiana corporation headquartered in Carmel, Indiana.

  11. Defendant MRI Inc. is a California corporation headquartered in Los

Angeles, California.

### FIRST CAUSE OF ACTION
**(Against Defendants Par and Motion Repossessors for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

13. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants Par and Motion Repossessors are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. They are both licensed as repossession agencies by the California Department of Consumer Affairs.

14. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

15. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

16. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

17. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

20. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

21. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

22. Defendants Par and Motion Repossessors violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. These defendants violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors by violating Bus. & Prof. Code § 7508.2(d) and Penal Code §§ 484, 487, 602(k), and 602(n).

23. Defendant Santander violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Santander's issuance of a

4

defective NOI was willful, and a misdemeanor pursuant to Civil Code § 2983.6. Santander's attempt to collect the "storage/admin" fee from plaintiff was willful and illegal, and a misdemeanor pursuant to Civil Code § 2983.6.

24. Defendants Par and Motion Repossessors violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

25. Defendant Santander violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by using false, deceptive, or misleading representations or means in connection with the collection of debt.

26. Defendant Santander violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, and Civil Code § 1788.14(b), by attempting to collect the illegal "Storage/admin" fee from plaintiff.

27. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

28. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

29. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: June 9, 2020

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
      Alexander B. Trueblood

Attorneys for Plaintiff
SAM HOLM